\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SHERON G. TERRELL | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv14 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Sheron G. Terrell, an inmate confined at the Polunsky Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning a prison disciplinary conviction.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner was convicted of the disciplinary offense on September 14, 2018. Petitioner exhausted the prison's administrative remedy procedure on October 15, 2018. Accordingly, petitioner's federal

petition was due on or before October 15, 2019. However, petitioner did not place the petition in the prison mail system until January 21, 2020.

In his objections, petitioner states he mistakenly thought a judge of the Court of Appeals for the Fifth Circuit had the authority to grant him and extension of time to file his federal petition. He claims he, therefore, filed a motion for extension of time to the Fifth Circuit on October 20, 2019 requesting additional time to file his federal petition. However, while not receiving an extension of time, petitioner claims his petition is timely because he was diligent in his pursuit of two § 1983 lawsuits filed in state court.

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statue of limitations. *See* 28 U.S.C. § 2244(d)(1). While the limitations period contained in section 2244 is subject to equitable tolling and statutory tolling in certain circumstances, a court lacks jurisdiction to consider the timeliness of a section 2254 petition until the petition is actually filed. *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (district court lacked jurisdiction to entertain motion for extension of time to file § 2255 motion); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. Apr. 6, 2005) ("Before the petition itself is actually filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal citation omitted); *United States v. Shipman*, 61 F. App'x 919, 2003 WL 1111561 (5th Cir. Feb. 19, 2003). Therefore, petitioner's alleged request for an extension of time to file his petition was without merit.

Further, even liberally construing petitioner's assertions as a request for equitable tolling, petitioner has failed to show the existence of exceptional circumstances, and his request is without merit. Neither proceeding *pro se*, having limited access to a law library, nor lacking knowledge of

filing deadlines case serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A *pro se* prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Accordingly, equitable tolling is not warranted, and the petition is barred by limitations.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are

not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

### O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So ORDERED and SIGNED, Jul 02, 2020.

_____
Ron Clark
Senior Judge